WALTER F. CLIFTON, PLAINTIFF, v. OCEAN COUNTY NATIONAL BANK OF POINT PLEASANT BEACH, NEW JERSEY, A NATIONAL BANKING CORPORATION, DEFENDANT.

Decided July 29, 1933.

For the plaintiff, *Lloyd C. Riddle.*

For the defendant, Charles Clifton, administrator of the estate of Caroline Clifton, deceased, *Anschelewitz, Frankel & Barr.*

LAWRENCE, C. C. J. This is a replevin suit tried before me, without a jury, by consent of the parties, at the Ocean Circuit. The facts are: on March 3d, 1933, plaintiff deposited with the defendant bank for safe keeping a tin box, containing some jewelry, $80 in money, title deeds to certain real estate in the name of his mother, Caroline Clifton, in-

surance policies and other papers. On the deposit being made, the bank gave to plaintiff a receipt of which the following is a copy:

"Ocean County National Bank of Point Pleasant,
$3.00 per year.              New Jersey              Not negotiable.
                        Safe deposit vaults.

Received from Walter F. Clifton, of Point Pleasant Borough, N. J., (no payment received) one black tin box, locked and tagged 'Property of Walter F. Clifton, Point Pleasant, N. J., the contents of which *is* unknown to the Bank, but is represented by the depositor to be valuable papers and jewelry, and which is to be delivered only to Walter F. Clifton.' It is understood and agreed by and between the Bank and the depositor that the value of the property above referred to does not exceed ... ... dollars. When such a package shall have been delivered to the depositor by the Bank, all its liability therefor shall cease.

Ocean County National,
C. BALLINGER.

This receipt to be returned when above property or any portion thereof is withdrawn."

On the day after the above transaction, Mrs. Clifton, the mother of plaintiff, died, and Charles Clifton, an elder son, was later appointed administrator of her estate. He gave notice to the bank that the box and contents belonged to his mother's estate and demanded its delivery to him. Thereupon the bank refused to deliver to the plaintiff on demand and the presentation of the receipt. The present suit was then brought by him against the bank which filed an answer denying his right to it. The administrator of the estate then intervened and was allowed to come in as a defendant and file an answer laying claim to the box and contents. As indicated the case was submitted to the court, without a jury, for determination.

The position of the bank at the trial was that all it desired was to be protected as against the conflicting claims of the plaintiff and the administrator. The proofs sufficiently dis-

closed that Mrs. Clifton had given the box and contents, with the key to plaintiff on the day before she died, in circumstances which requires the application of the rule laid down in *Laing* v. *Durand,* 84 *N. J. Eq.* 404; 93 *Atl. Rep.* 884; *VanWagenen* v. *Bonnot,* 72 *N. J. Eq.* 143; 65 *Atl.· Rep.* 239; *Keepers* v. *The Fidelity Title and Deposit Co.,* 56 *N. J. L.* 302; 28 *Atl. Rep.* 585, being distinguished, in that the evidence here indicates a delivery of the box, key and contents by Mrs. Clifton directly to plaintiff. The conclusion is that he is entitled to possession of the box and contents, upon surrender of the receipt to the defendant bank. It was conceded in his behalf at the trial that as to title deeds, insurance policies and business papers, such ·as receipts for bills paid by Mrs. Clifton in her lifetime, no claim could be made by him and that they were not affected by the gift. The only question here involved related to the jewelry, small amount of money and other tangible personal property contained in the box. Judgment may be entered for possession of the box and contents accordingly.